# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | 7:05-cr-10 (HL) |
| **DONALD J. OTTMAN JR.,** : | |
| **Defendant.** : | |

## ORDER

Before the Court is Defendant's Motion to Permit Inspection of Record of Grand Jury Proceedings (Doc. 204).[1] According to the Motion, Defendant is preparing to file a petition under 28 U.S.C. § 2255 claiming ineffective assistance of counsel, and he needs these records to do so. Defendant believes that the grand jury record will provide evidence of his attorney's failure to effectively cross-examine government witnesses at trial. In addition, he suspects that those witnesses who testified in front of the grand jury but did not testify for the Government at trial

---

[1] The Court notes that Defendant has requested "access" to the grand jury record, without making a specific request that he be provided with a free copy of the transcripts. Because he is incarcerated, the only way for him to have access to these records is by ordering a transcript. The Court has the power to order the Government to pay for transcripts furnished in proceedings brought under 28 U.S.C. § 2255 to persons who have been permitted to file in forma pauperis. 28 U.S.C. § 753(f). The Court must first determine, however, that the action "is not frivolous and that the transcript is needed to decide the issue presented." Id. Defendant may be capable of paying for a copy of the transcript, but if he intends to seek one at the Government's expense, then he will have to move under § 752(f) and meet its requirements. However, his ability to get a transcript at all–free or otherwise–depends on the Court's determination that disclosure of the grand jury proceedings is appropriate.

provided evidence that exculpated Defendant, and he intends to cite his attorney's failure to interview those witnesses in support of his petition.

The Federal Rules of Criminal Procedure require that all grand jury proceedings be recorded, with the exception of deliberation and voting. Fed. R. Crim. P. 6(e)(1). Although matters before the grand jury generally must be kept secret, see id. (e)(2), the Rules allow a court to authorize disclosure of a grand-jury matter "preliminarily to or in connection with a judicial proceeding." Id. (e)(3)(E)(i). A party who seeks grand jury transcripts "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil Co. of Ca. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979). The movant bears the burden of showing that he has a particularized need for the materials. United Kingdom v. United States, 238 F.3d 1312, 1320 (11th Cir. 2001).

Before ruling on the motion, the court must allow the Government to be heard. Fed. R. Crim. P. 6(e)(F)(i). In light of Defendant's assertion that the statute of limitations on his § 2255 claim expires September 2008, the Court orders the Government to respond to the Motion no later than July 29, 2008.

In addition, the Government was ordered to respond to Defendant's Motion for Return of Property (Doc. 202) **no later than July 7, 2008**. A review of the record reveals that to date it has filed neither a response nor a motion for extension of time

to file a response. Contrary to the present Motion, which concerns matters involved in Defendant's § 2255 petition, there are no pending statutes of limitation associated with the Motion for Return of Property. Counsel of record for the Government is Mr. James Crane, who is currently prosecuting a criminal trial before this Court. Nonetheless, this does not excuse the Government's failure to abide by a court-imposed deadline. The Court expects strict compliance with future deadlines, and the prompt filing of a response or motion regarding Defendant's Motion for Return of Property no later than three business days after the trial in which Mr. Crane is now participating has concluded.

**SO ORDERED**, this the 10th day of July, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch