IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : |
| | : Criminal Action No. 7:05-cr-10 |
| **DONALD J. OTTMAN, JR.**, | : |
| | : |
| Defendant. | : |
| _____ | |

## ORDER

The Government's Motion for Reconsideration of Order Requiring Return of Property to Defendant (Doc. 209), and Defendant's Motion for Order to Show Cause (Doc. 210) are before the Court.  Defendant, Donald J. Ottman, Jr., has filed a brief in opposition to the Motion for Reconsideration.  After consideration of the briefs of the parties, and as more fully set forth below, the Court denies the Motion for Order to Show Cause and grants, in part, and denies, in part, the Motion for Reconsideration.

By letter (Doc. 202) dated June 16, 2008, Defendant requested the return of business records that were seized by the Government during the course of its investigation into Defendant's fraudulent business activities.  According to Defendant, he needed the records to "reconstruct a detailed record of disputed events" and to "point to multiple inconsistencies in witness statements and testimony."  (Doc. 202 at 3.)  By Order entered June 20, 2008, the Court elected to treat the letter as a Motion for Return of Property brought pursuant to Federal Rule

of Criminal Procedure 41(g), and ordered the Government to respond to the Motion by not later than July 7, 2008. No response was filed by the Government.

When no response from the Government was received, on July 10, 2008, the Court entered another Order. In the second Order, the Court noted that the attorney for the Government was in trial and directed that he file his response no later than three business days after the conclusion of the trial. The trial ended on July 14, 2008. (<u>United States v. Peterson</u>, Case Number 7:07-cr-22.) Still no response was received from the Government. Due to the Government's failure to respond to the Motion, on August 4, 2008, the Court granted (Doc. 208) Defendant's Motion for the Return of Property and ordered the Government to return the business records to Defendant by August 20, 2008.

On August 18, 2008, instead of providing Defendant with the records as ordered, the Government filed the Motion for Reconsideration at issue here. Without any explanation for its failure to respond to the Motion, as directed by the Court on two separate occasions, and without any request for a stay of the Court's Order to return the property,[1] the Government refuses to release the records and argues that the records sought by Defendant "contain extensive private and personal data of the more than 1000 victims of the fraud scheme of which the defendant was convicted."

---

[1] The filing of the Motion for Reconsideration does not act to stay the Government's obligation to release the documents as previously ordered by the Court. *See, e.g.*, <u>Creative Solutions Group, Inc. v. Pentzer Corp.</u>, 199 F.R.D. 443, 444 (D. Mass. 2001) (finding that the obligation to comply with an order compelling discovery is not excused by the filing of a motion for reconsideration, and noting that a separate motion for stay should be filed, but adding that merely moving for a stay does not effectuate a stay unless and until the stay is granted).

(Mot. at 2.) The Government maintains that releasing the records to an individual who is in the custody of the Bureau of Prisons poses a great risk that the data contained in the records could be used improperly or for illegal purposes. The Government also contends that because of the volume of the documents and the nature of the documents, redaction is not a feasible option.

In responding to the Motion, Defendant argues that the Government, having utterly disregarded the Court's orders at every turn, should not now receive the benefit of the Court's consideration of its Motion. The Defendant's arguments are not without merit. If the Court were to apply a strict construction to this proceeding, the Government's Motion would be denied out of hand, yet granting the Government's Motion seemingly would have the effect of rewarding the Government's dilatory and contemptuous conduct.

But the Court cannot allow the Government's improper behavior to dissuade the Court from protecting, where necessary, the rights of the individual victims whose personal information might be at risk if the Court's Order were to be followed to the letter. Certainly, it would not be proper to release some of the disputed documents to an individual housed in a prison facility. And the reality is, as Defendant notes in his response brief, that he does not want or need the "1,000 plus pieces of personal information data of which Crane speaks." (Opp'n Br. at 7.) What he wants are his "non-'victim'" business records. (Opp'n Br. at 8.) This leaves the Court with the difficult task of fashioning an Order that gets Defendant the business records to which he is entitled, without releasing victim records, which he neither wants nor

3

needs.

With these considerations in mind, the Court directs the Government to examine all of the documents in its possession which constitute business records that were seized from Defendant.  The Government immediately shall release to Defendant any and all such business records which do not contain victim identifying information.  By not later than October 20, 2008, the Government shall identify in a written report filed with the Court those records that were returned without challenge and those records which have been retained by the Government, and shall state with particularity why such records were retained.

The Court acknowledges that Defendant has been attempting to obtain these records for more than three months and that even with this Order there will be further delay.  The Court also acknowledges Defendant's concerns about his ability to file a complete and timely § 2255 Motion in the absence of the records, but can offer no assurances or advice as to that matter.  Defendant must take such action on his § 2255 as he deems necessary.

Finally, the Court notes Defendant's objections to the lack of proper service by the Government of its Motion for Reconsideration and finds Defendant's objections to be valid.  The Certificate of Service, signed by counsel for the Government stated as follows: ". . . . I electronically filed the within and foregoing **pleading** with the clerk of the Court using CM/ECF system which will send notification of such filing to . . . Donald J. Ottman, Jr. . . . Federal Prison Camp."

4

(Mot. at 4.) This is not proper service. The Clerk's Office does not take responsibility for notifying pro se parties and others who are not on the electronic filing system. It was, and remains, the responsibility of the Government to serve by mail those parties, such as Defendant here, who are in prison and for whom electronic notification is not available. Counsel for the Government is admonished for its failure to properly serve Defendant.

Unlike Defendant, however, the Court is not willing, without more than conjecture, to ascribe improper motive to the Government's improper service. Except to advise the Government to employ proper service in the future, the Court will take no action on the Government's failure to properly serve Defendant on this occasion.

In view of the foregoing, therefore, the Government's Motion for Reconsideration is granted, in part, and denied, in part. The Government shall not be required to release all records to Defendant, but shall immediately release all records that do not contain victim identifying information and, within 30 days, shall identify for the Court both those records that were released and those that were not, all as specified in the preceding paragraphs of this Order. Defendant's Motion for Order to Show Cause is denied.

**SO ORDERED**, this the 22nd day of September, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls